UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 30, 2021

LETTER TO THE PARTIES

    RE:    *Keith L. v. Saul*
            Civil No. DLB-20-930

Dear Counsel:

    On April 9, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's reply. Pl.'s Mem., ECF 13; Def.'s Mem., ECF 16; Pl.'s Reply, ECF 18. I find no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Plaintiff filed his DIB claim on October 19, 2016, and his SSI claim on November 2, 2016, alleging in each a disability onset date of August 27, 2016. Tr. 190, 195. His claims were denied initially and on reconsideration. Tr. 100–01, 126–27. An Administrative Law Judge ("ALJ") held a hearing on January 4, 2019. Tr. 34–79. Following that hearing, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 14–27. Because the Appeals Council denied plaintiff's request for review, Tr. 1–3, the ALJ's decision became the final, reviewable decision of the agency, *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

    The ALJ found plaintiff severely impaired by "obesity, osteoarthritis of the left ankle/foot, and osteoarthritis of the right ankle/foot." Tr. 20. Despite these impairments, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can frequently push and pull with the left lower extremity; he can occasionally balance, stoop, kneel, crouch, and crawl; he should avoid concentrated exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, poor ventilation,

> and hazards; he should avoid even moderate exposure to vibration; and he would be off task five percent of the workday.

Tr. 22. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform his past relevant work as a bag machine operator, auto mechanic, or department manager but could perform other jobs existing in significant numbers in the national economy. Tr. 25–26. Accordingly, the ALJ concluded plaintiff was not disabled. Tr. 26–27.

On appeal, plaintiff argues substantial evidence does not support the ALJ's RFC determination that plaintiff "would be off task five percent of the workday." Pl.'s Mem. 8–13. The Commissioner argues the ALJ properly formulated plaintiff's RFC by considering the record. Def.'s Mem. 5–10. I agree with plaintiff that the ALJ failed to explain his conclusion regarding plaintiff's off-task limitation. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). "The second component, the ALJ's logical explanation, is just as important as the other two." *Id.* Accordingly, "[t]o pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." *Arakas v. Cmm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)) (internal citation omitted).

Here, the ALJ concluded plaintiff would have some limitation in his ability to stay on task. Tr. 22. During the RFC discussion, the ALJ cited evidence indicating plaintiff's impairments caused plaintiff pain, which it appears the ALJ concluded caused a limitation in plaintiff's ability to stay on task. Tr. 22–25. Yet, nowhere in the RFC discussion did the ALJ cite any evidence that connected the five percent finding to plaintiff's ability to stay on task other than to say the off-task limitation was attributed to plaintiff's pain. *See* Tr. 22–25. In fact, the only points at which the ALJ referenced the five percent limitation were in the actual RFC determination and a subsequent reiteration of that conclusion. *See* Tr. 17–25. Further, exactly how much time plaintiff would be off task while working materially affects plaintiff's claim because the VE testified that fifteen percent of time off task would preclude competitive employment. Tr. 70. Because the ALJ failed to explain how the record supported his conclusion that a five percent off-task limitation accounted for plaintiff's ability to remain on task, remand is necessary. *See, e.g.*, *Bibey v. Saul*, No. 19-cv-2690-JMC, 2020 WL 7694552 (D. Md. Dec. 28, 2020) ("an ALJ is not required to determine a percentage of time off-task…[but] where, as here, the evidence substantiates difficulty with sustained concentration and the ALJ renders a conclusion regarding a precise percentage, the ALJ must explain and support that conclusion with substantial evidence") (citing *Kane v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018)).

The Commissioner's contention that the ALJ considered the record is beside the point. *See* Def.'s Mem. 5–10. The issue in this case is not whether the ALJ's RFC analysis contained citations to "evidence" or a specific "conclusion." *See Thomas*, 916 F.3d at 311. The issue is that the ALJ's RFC analysis is missing the "explanation"—a component that "is just as important as the other

*Keith L. v. Saul*
Civil No. DLB-20-930
April 30, 2021
Page 3

two." *Id.*; *see* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing *how* the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations.") (emphasis added). The ALJ does not explain why plaintiff's pain would cause him to be off task five percent of the workday, as opposed to ten, fifteen or twenty percent of the workday. Without a narrative explanation of how the evidence supports the ALJ's seemingly arbitrary conclusion that plaintiff would be off-task five percent of the workday, the Court cannot engage in meaningful substantial evidence review. *See Monroe*, 826 F.3d at 191. Accordingly, remand is necessary.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 13, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/
Deborah L. Boardman
United States Magistrate Judge